# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DUSTIN LAWRENCE,

        Petitioner,    :    Case No. 1:22-cv-359

- vs -                      District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dustin Lawrence pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Reply (ECF No. 15).

**Litigation History**

On October 31, 2016, a Butler County Grand Jury indicted Lawrence on one count of gross sexual imposition (Count One) in violation of Ohio Revised Code § 2907.01(A)(1), five counts of rape (Counts Two, Three, Four, Five, and Six) in violation of Ohio Revised Code § 2907.02(A)(2), one

1

count of kidnapping (Count Seven) in violation of Ohio Revised Code § 2901.05(A)(4), and one count of domestic violence (Count Eight) in violation of Ohio Revised Code § 2919.25(A)(Indictment, State Court Record ECF No. 9, Ex. 1). A trial jury found him guilty on all counts. *Id.* at Ex. 2. He was then sentenced to an aggregate term of imprisonment of thirty-three years. *Id.* at Ex. 3.

New appointed appellate counsel filed an *Anders* Brief and moved to withdraw. Lawrence filed a *pro se* brief to which the State responded. In the meantime Lawrence had filed a *pro se* petition for post-conviction relief in response to which the trial court agreed to re-sentencing. Eventually the court of appeals remanded the case to allow re-sentencing.

On March 13, 2019, Lawrence was re-sentenced to an aggregate twenty-seven years imprisonment, the sentence he is now serving and from which he seeks habeas relief (Sentencing Entry, State Court Record, ECF No. 9, Ex. 48). After appeals were consolidated, the Twelfth District Court of Appeals rendered judgment on four assignments of error which parallel Lawrence's grounds for relief in this case. *State v. Lawrence,* 2020-Ohio-855 (Ohio App. 12th Dist. Mar. 9, 2020). The Ohio Supreme Court declined to exercise appellate jurisdiction. *State v. Lawrence*, 161 Ohio St. 3d 1420 (2021).

On January 21, 2022, Lawrence field a *pro se* Application to Reopen his direct appeal under Ohio R. App. P. 26(B) to litigate a claim of ineffective assistance of appellate counsel for failure to raise an insufficiency of the evidence assignment of error (Application, State Court Record, ECF No. 9, Ex. 64). The Twelfth District denied the Application as untimely and without merit. *Id.* at Ex. 70. The Supreme Court of Ohio again declined to exercise jurisdiction. *State v. Lawrence,* 141 Ohio St. 3d 1421 (2021).

Lawrence then filed his Petition in this case, raising the following grounds for relief:

**Ground Five**: The State of Ohio Violated the Petitioner United States Constitutional Rights to Due Process Amendment 5, 6 and 14.

**Supporting Facts:** The trial court failed to disclose its potential bias against the petitioner in violation of Ohio code of judicial conduct lead directly to petitioner conviction in contravention to his fifth amendment right to due process of law.

**Ground Two**: State of Ohio violated the petitioner United States constitutional rights to due process of law amendment, 5, 6, and 14.

**Supporting Facts:** The petitioner was deprived of his right to a trial before an impartial judge in violation of the petitioner right to due process of law as guaranteed by the 14th amendment.

**Ground Three**: State of Ohio violated the petitioner United States constitutional right to due process of law amendment, 5, 6 and 14.

**Supporting Facts:** Petitioner conviction against the manifest weight of the evidence.

**Ground Four**: State of Ohio violated the Petitioner United States Constitutional rights due process of law amendment, 5 6 and 14.

**Supporting Facts:** The trial court place the petitioner twice in jeopardy by imposing consecutive sentences violation of the petitioner United States constitutional rights due process of law.

(Petition, ECF No. 1).

## Analysis

**Ground One:  Failure to Timely Disclose Potential Bias**

In his First Ground for Relief, Lawrence claims the trial judge's failure to disclose his potential bias in the manner required by the Ohio Code of Judicial Conduct led to his conviction in violation of the Due Process Clause of the Fourteenth Amendment.

Respondent asserts this Ground for Relief is barred by Lawrence's procedural default in

3

failing to present it to the Ohio courts in his petition for post-conviction relief under Ohio Revised Code § 2953.21.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first

4

> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that

5

> there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Lawrence raised his First Ground for Relief as his First Assignment of Error on appeal. The Twelfth District decided the claim as follows:

> {¶ 1} Appellant, Dustin Lawrence ("Lawrence"), appeals from his convictions and sentence in the Butler County Court of Common Pleas for rape, domestic violence, kidnapping, and gross sexual imposition.
>
> {¶ 2} Following allegations of sexual abuse by S.K., the minor daughter of Lawrence's girlfriend, Lawrence was indicted on five counts of rape, and single counts of domestic violence, kidnapping, and gross sexual imposition. The charges arose from allegations that between March 15 and 16, 2016 Lawrence orally and vaginally raped S.K. in her home and committed domestic violence against her mother ("Mother"). S.K. was 16 years old at the time of the alleged rapes.
>
> {¶ 3} A three-day jury trial commenced in March 2017. At trial, the state presented testimony of eight witnesses, including S.K., her father ("Father"), her friend, a SANE nurse, a BCI forensic scientist, a BCI forensic scientist in the DNA field, a Hamilton police detective, and Mother. At the close of the state's case in chief, the trial court denied Lawrence's motion for acquittal pursuant to Crim.R. 29. Lawrence testified in his defense.
>
> {¶ 4} The jury returned guilty verdicts on all counts. On May 3, 2017, the trial court sentenced Lawrence to 18 months in prison for the gross sexual imposition conviction (Count 1), 11 years in prison for three of the rape convictions (Counts 2, 3, and 4), and 18 months in prison for the domestic violence conviction (Count 8). The court ordered Count 2 to be served concurrently with Count 1; Counts 3

6

and 4 to be served consecutively to Count 2 and to each other; and Count 8 to be served concurrently with Count 4. The remaining counts were merged for sentencing purposes. In total, the trial court sentenced Lawrence to an aggregate prison term of 33 years.

{¶ 5} Lawrence filed a direct appeal and was appointed counsel.[footnote omitted] In August 2018, while his direct appeal was pending with this court, Lawrence filed a petition for postconviction relief ("PCR") arguing his sentence was in violation of due process because it was based upon inaccurate information in the presentence investigative report ("PSI report"), and that he was denied the effective assistance of counsel. After review, the trial court found merit to the sentencing argument, but denied the ineffective assistance of counsel claim. Because the trial court found merit to the sentencing argument, this court remanded the direct appeal. [footnote omitted] This court later affirmed the denial of Lawrence's PCR ineffective assistance of counsel claim. *State v. Lawrence*, 12th Dist. Butler No. CA2018-11-208, 2019-Ohio-2788, ¶ 23.

{¶ 6} Thereafter, the trial court held a meeting in chambers to discuss Lawrence's sentencing arguments in the PCR. Shortly after the meeting, the trial judge entered an entry of recusal, which explained that "a family member of the Court had been the victim of a similar crime which may have impacted the Court's original sentencing determination." The case was then reassigned to a new judge.

{¶ 7} After the case was reassigned, the parties stipulated that Lawrence was entitled to a new sentencing hearing because the trial court relied upon inaccurate information in the PSI report when determining Lawrence's sentence. As a result, the trial court held a resentencing hearing on March 13, 2019. At the hearing, the trial court granted relief on the petition's sentencing claim, vacated Lawrence's sentence, and resentenced Lawrence based on a corrected PSI report. In ordering Lawrence's new sentence, the trial court entered 9-year prison terms for Counts 2, 3, and 4. In all other respects, Lawrence's sentence remained the same. As a result, the trial court sentenced Lawrence to an aggregate prison term of 27 years. The case was then returned to this court.

{¶ 8} In this appeal, Lawrence raises four assignments of error for our review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY FAILING TO DISCLOSE POTENTIAL BIAS AGAINST APPELLANT AT THE EARLIEST OPPORTUNITY.

{¶ 11} Assignment of Error No. 2:

{¶ 12} APPELLANT WAS DEPRIVED OF HIS RIGHT TO A TRIAL BEFORE AN IMPARTIAL JUDGE, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS.

{¶ 13} In his first and second assignments of error Lawrence argues that because the trial judge failed to disclose his potential bias at the earliest opportunity, and failed to recuse himself before the trial began, Lawrence was deprived of his right to a trial before an impartial judge. As such, Lawrence contends he is entitled to a new trial before an unbiased judge.

{¶ 14} Lawrence's judicial bias claims stem from statements made in chambers by the trial judge on October 24, 2018. According to an affidavit executed by Lawrence's counsel on November 1, 2018, the trial judge "disclosed that he had been thinking about Mr. Lawrence's sentence for a long time. He was happy to have a chance to revisit the sentence." According to the affidavit, the judge's daughter had been the victim of a similar crime when she was similar in age to S.K. Considering his daughter's situation, the judge "was afraid that he had allowed the situation with his daughter to affect his sentence in Mr. Lawrence's case, particularly as it related to the consecutive nature of the sentences." "At one point, [the judge] said he was afraid that he was biased at sentencing, not so much against Mr. Lawrence himself, but because of the nature of the crime and similarity of his daughter's situation." Due to the judge's statements, the state recommended the judge recuse himself from Lawrence's case. A few days later, on November 2, 2018, the trial judge filed an entry of recusal. Lawrence filed the executed affidavit with the trial court on March 15, 2019.

{¶ 15} Based upon the judge's statements of potential bias, Lawrence concludes that "if [the judge's] ability to be fair and impartial at sentencing was questionable, there exists a strong

8

possibility, if not a probability, that his ability to be fair and impartial throughout the proceedings was impaired." After reviewing the record, we find Lawrence's claim fails for two reasons. First, we find Lawrence has waived his judicial bias claims, as he failed to amend his PCR petition or otherwise raise the issue of the judge's personal bias in the PCR proceedings, despite learning of the alleged bias when his petition remained pending with the trial court. In the alternative, even if his claims are not waived, Lawrence has failed to present any evidence that the judge was biased at Lawrence's trial.

{¶ 16} A PCR petition in Ohio is a statutorily created remedy set forth in R.C. 2953.21 and designed to provide an avenue to correct a violation of a defendant's constitutional rights in his criminal trial. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy*, 10th Dist. Franklin No. 00AP233, 2000 WL 1877526, *2, 2000 Ohio App. LEXIS 6129, *2 (Dec. 26, 2000).

{¶ 17} Pursuant to R.C. 2953.21(G), "[a]t any time before [an] answer or motion is filed, [a] petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time" thereafter. R.C. 2953.21(A)(4) requires a petitioner to "state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner." Except as provided in R.C. 2953.23, inapplicable here, "any ground for relief that is not so stated in the petition is waived." *Id.*

{¶ 18} Here, Lawrence timely filed a PCR petition alleging his sentence was based upon inaccurate information and that his trial counsel was ineffective. That petition was granted with regard to Lawrence's sentencing claim. While the petition remained pending in the trial court, Lawrence learned of the trial judge's concern of bias and the affidavit detailing the judge's concern was prepared and executed. Despite his pending petition, Lawrence did not attempt to amend his petition to include the judicial bias arguments he now raises on appeal. Instead, Lawrence postponed raising the issue, and filing the affidavit, until after he was granted relief on the remaining claim of his PCR petition. At that time, the PCR petition had been disposed of by the trial court, and the case was transferred back to

> this court. The claim of bias, supported by evidence dehors the record, is proper for a PCR petition. Thus, pursuant to R.C. 2953.21(A)(4), Lawrence waived the grounds he asserts on appeal when he failed to amend his petition in the trial court to include them.
>
> {¶ 19} As such, because Lawrence now raises additional claims that were not raised in his PCR petition or the PCR proceedings, we find he waived them. See *State v. Barb*, 8th Dist. Cuyahoga No. 94054, 2010-Ohio-5239, ¶ 25, citing *State v. McKee*, 9th Dist. Lorain No. 96CA006599, 1997 WL 625476, *3, 1997 Ohio App. LEXIS 4433, *9 (Oct. 1, 1997) (failure to raise issue in petition for postconviction relief results in a waiver of the right to assert the issue on appeal).

*State v. Lawrence,* 2020-Ohio-855 (Ohio App. 12th Dist. Mar. 9, 1990).

Applying the *Maupin* criteria, the Magistrate Judge notes first that Ohio has a relevant procedural rule, to wit, that claims that a conviction is unconstitutional and that are based on evidence outside the direct appeal record must be brought by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Twelfth District enforced this rule against Lawrence by refusing to consider his first and second assignments of error because he had not included those claims in his post-conviction petition when he could have added them to that petition before it was decided.

The adequacy of the state ground is determined by examining the State's legitimate interests in the procedural rule in light of the federal interest in considering federal claims. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)*, citing Henry v. Mississippi,* 379 U.S. 443, 446-48 (1965). Ohio provides an adequate remedy for raising federal constitutional claims in addition to those shown by the record on appeal by providing the post-conviction process which channels these claims in the first instance to trial courts best suited for developing a factual record, as opposed to permitting them to be raised in the first instance on appeal, as Lawrence attempted to do. The rule

is independent of federal law:  § 2953.21 does not discriminate against federal claims.

Rather than offering excusing cause and prejudice, Lawrence argues he can avoid the procedural default:

> The respondent argument is misplaced and not supported by the state court records. First of all, the issues raised in the postconviction petition was resolve[d] when the state trial court granted the petition in part, and resentence the petitioner to a new prison term. Under federal law any change to the original sentencing judgment entry of conviction is consider a new judgment where a appeal may be taken to the state court of appeals. *Changle v Kelly*, 2016 U.S. App. Lexis 17319 [*Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016)], *In Re Stansell*, 2016 U.S.App.Lexis 12141 [*In re Stansell*, 828 F.3d 412 (6th Cir. 2016)].
>
> Therefore, grounds (l), and (2) was properly before the state court of appeals.

Traverse, ECF No. 15, PageID 1810.  Lawrence completely misunderstands the holdings in *Crangle* and *Stansell*.  Both are binding published precedent applicable in this Court in habeas corpus cases, but their holding is that entry of an amended judgment of conviction in state court re-sets the statute of limitations date under 28 U.S.C. § 2244(d).  These cases do not purport to control which issues an Ohio court can consider on appeal.

Lawrence also claims he presented these same two claims to the Ohio Supreme Court on appeal from the Twelfth District's decision.  That is correct and in doing so he properly exhausted state court review of these claims.  But presenting claims to the Ohio Supreme Court which had been found defaulted by the court of appeals does not cure the prior default, it just avoid a new default which would have happened if those claims had not been included in the supreme court appeal.

11

**Ground Two: Trial before a Biased Judge**

In his Second Ground for Relief, Lawrence claims his trial judge was biased against him. This Ground for Relief is procedurally defaulted on the same basis as Ground One.

**Ground Three: Conviction Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Lawrence asserts he was convicted against the manifest weight of the evidence presented at trial. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Lawrence argues his Third Ground for Relief as if it were a sufficiency of the evidence claim. It is not. In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Supreme Court of Ohio reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It

held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, (1982), *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

**Ground Four: Violation of the Protection Against Double Jeopardy**

In his Fourth Ground for Relief Lawrence claims the State of Ohio placed him twice in jeopardy by imposing consecutive sentences.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

14

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Lawrence seems to be claiming that he is being punished multiple times for the same offense, but he was convicted of five separate counts of rape. They are all under the same statute, but that does not make the convictions double jeopardy violations. If a man rapes a woman five times, the fact that he is charged with all five under the same statute does not implicate the Double Jeopardy Clause, even if the five happened in a relatively short period of time, to wit "March 15, 2016, through March 16, 2016." (Indictment, State Court Record, ECF No. 9, Ex. 1). The Double Jeopardy Clause does not address consecutive sentencing. *Oregon v. Ice*, 555 U.S. 160 (2009).

Lawrence's Fourth Ground for Relief is without merit and should be dismissed on that basis.

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 23, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge