# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DUSTIN LAWRENCE,

        Petitioner,    :    Case No. 1:22-cv-359

- vs -    District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

         :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dustin Lawrence, is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations on the merits (the "Report," ECF No. 17). District Judge McFarland has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 19).

In his Petition, Lawrence pleaded four Grounds for Relief:

> **Ground One**: The State of Ohio Violated the Petitioner United States Constitutional Rights to Due Process Amendment 5, 6 and 14.
>
> **Ground Two**: State of Ohio violated the petitioner United States constitutional rights to due process of law amendment, 5, 6, and 14.
>
> **Ground Three**: State of Ohio violated the petitioner United States constitutional right to due process of law amendment, 5, 6, and 14.
>
> **Ground Four**: State of Ohio violated the Petitioner United States

1

Constitutional rights due process of law amendment, 5, 6 and 14.

(Petition, ECF No. 1).

The Report recommends dismissal of Grounds One and Two as procedurally defaulted because they were not raised in Lawrence's Petition for Post-Conviction Relief and that default had been enforced against him by the Ohio Twelfth District Court of Appeals. Lawrence's Ground Three, a manifest weight claim, is recommended for dismissal as not cognizable in habeas because it is not a violation of the United States Constitution. Finally Ground Four, double jeopardy, is recommended for dismissal because the consecutive sentencing of which Lawrence complains does not violate the Double Jeopardy Clause where, as here, a defendant is convicted of separate rape offenses.

Lawrence does not object to any of these conclusions. Instead he complains that the Report "failed to adjudicate the petitioner['s] Six[th] amendment claim of ineffective assistance of appellant counsel on his first right of appeal" (Objections, ECF No. 18, PageID 1859). He requests that the District Judge return the case to the Magistrate Judge to adjudicate this claim. *Id.*

Lawrence notes that both parties presented facts and argument about ineffective assistance of appellate counsel. *Id.* citing Return of Writ, pages 22-40 and Traverse, pages 13-25. Examining the Return of Writ, the Magistrate Judge finds a lengthy discussion of Lawrence's unsuccessful efforts to reopen his appeal to argue claims omitted by his appellate counsel. Respondent's counsel begins this section of the Return stating:

> The Application to reopen will not have a role to play in this case other than as establishing that Lawrence cannot use appellate counsel as cause to excuse any procedural default. *Edwards v.*

2

> *Carpenter,* 529 U.S. 446, 453 (2000) (An ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted).

(Return, ECF No. 10, PageID 1737). The Return then explains why any claim of ineffective assistance of appellate counsel is procedurally defaulted and cannot be used either to excuse default on the underlying claims or as a stand-alone claim.

In his Traverse Petitioner also discusses his Application to Reopen his appeal under Ohio R. App. P. 26(B)(Traverse, ECF No. 15, PageID 1808, PageID 1812, *et seq.*). Beginning at PageID 1813, Lawrence presents his argument about why his ineffective assistance of appellate counsel claim is not procedurally defaulted. He asserts that his appellate attorney informed him by letter dated March 18, 2020, that the Court of Appeals had affirmed his conviction. Then on March 27, 2020, he and all other inmates and staff at Marion Correctional were stricken with COVID-19. He was hospitalized with the disease until after the ninety-day deadline for a 26(B) application passed, and then again from August 11, 2020, to October 14, 2020. *Id.* at PageID 1814.

Lawrence claims the Ohio Supreme Court waived deadlines for those prevented from filing by COVID-19. PageID 1815, citing In re Rules of Practice of the Supreme Court of Ohio, 142 NE2d.706(D)(2). He claims he invoked this Rule but the Court of Appeals failed to follow it.

The State Court Record shows Lawrence filed his Motion for Leave to File a Delayed 26(B) Application in the Twelfth District Court of Appeals on January 22, 2021 (ECF No. 9, Ex. 64, PageID 841, *et seq.*). Lawrence advised the Twelfth District that he had returned to Marion Correctional from his second hospitalization on October 14, 2020, and the institution was "still under covid-19 emergency status with limited movement that

3

prevent[ed] the defendant access to the inmate legal library to seek out assistance to prepare this 26(B)application for filing before this appellate court." *Id.* at PageID 843. No Supreme Court Rule of Practice was cited there, but Lawrence later gave the Twelfth District the same citation given above. See Ex. 69, PageID 1067.

The Twelfth District denied the Motion for Delayed filing (Entry, State Court Record, ECF No. 9, Ex. 70). It noted that the relevant Supreme Court ruling about COVID was a tolling order that became effective March 9, 2020, and expired ninety days later. *Id.* at PageID 1075-76. Lawrence's ninety-day period for filing his 26(B) application thus started July 30, 2020, and expired October 28, 2020. Lawrence's Application was thus more than four months late when filed in January 2021. *Id.*. Furthermore, his claim to have been disabled from filing during that time was belied by his several filings or attempted filings in the Supreme Court of Ohio during the same period. *Id.*

Moreover the Twelfth District decided his claim of ineffective assistance of appellate counsel had no merit because the omitted assignment of error – lack of sufficient evidence of the use of force in the rapes – was precluded by the court's finding on direct appeal that the convictions were supported by the manifest weight of the evidence, a holding which implies there was sufficient evidence since it is a lighter burden of proof. *Id.* at PageID 1077-78.

Based on this history of the litigation, the Magistrate Judge reaches the following conclusions:

4

**The Report is not in Error for Failure to Adjudicate Lawrence's ineffective assistance of appellate counsel claim**

As can be plainly seen from the quotation above of the pleaded Grounds for Relief, Lawrence did not raise a claim of ineffective assistance of appellate counsel in his Petition. He asserts he did so in his Traverse, but a traverse or reply cannot be used to raise a new claim not included in the petition. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**Any claim of ineffective assistance of appellate counsel is procedurally defaulted.**

If Lawrence had properly pleaded a claim of ineffective assistance of appellate counsel as a stand-alone claim or as cause to excuse his procedural defaults on other Grounds for Relief, that ineffective assistance of appellate counsel claim is procedurally defaulted.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights

5

claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant rule: claims of ineffective assistance of appellate counsel must be raised in an application to reopen under Rule 26(B). In cases where the ninety days expired during the period March 9, 2020, to July 30, 2020, the time for filing was tolled, but began to run again on July 30, 2020. Lawrence filed his 26(B) application outside the ninety-day period, even as tolled to account for the pandemic. That time limit is an adequate and independent state procedural ground for deciding. In noncapital cases, the timeliness rule for filing a 26(B) application is an

7

adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). A petitioner must show more than an occasional act of grace by a state court by a state court in excusing or disregarding a state procedural rule for a federal court to conclude that the state procedural rule is inadequate because inconsistently applied. *Hutchison v. Bell,* 303 F.3d 720, 737 (6th Cir. 2002), *citing Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001). The factual findings of the Twelfth District completely undermine any claim of excusing cause for missing the deadline.

Whether ineffective assistance of counsel is pleaded as a stand-alone claim or as excusing cause, it must itself be properly presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Lawrence's claim was not because it was untimely.

**Lawrence's Claim of ineffective assistance of appellate counsel is in any event without merit.**

Even if Lawrence's ineffective assistance of appellate counsel claim had been pleaded in the Petition and even if it were not procedurally defaulted by his later filing, it would still be without merit.

The Twelfth District considered the merits of the ineffective assistance of appellate counsel claim in the alternative and found appellate counsel did not provide ineffective assistance because he pleaded a manifest weight assignment of error which was overruled and there was therefore

8

sufficient evidence of the use of force.

**Conclusions**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends that it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 19, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge