IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| DUSTIN LAWRENCE, | : |
| | : Case No. 1:22-cv-359 |
| Petitioner, | : |
| | : Judge Matthew W. McFarland |
| v. | : Magistrate Judge Michael R. Merz |
| | : |
| WARDEN, Marion Correctional Institute, | : |
| | : |
| Respondent. | : |

## OPINION AND ORDER

This matter is before the Court upon the Report and Recommendations (Doc. 17) and Supplemental Report and Recommendations (Doc. 20) (collectively, the "Reports") of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Reports recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed with prejudice. (*See* Docs. 17, 20.) Petitioner filed Objections to the Reports. (Docs. 18, 25.) Thus, the matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Reports. The Court finds that Petitioner's Objections have been fully addressed and adjudicated in the Reports. Nonetheless, the Court will address Petitioner's Objections to ensure a clear statement of the basis for the Court's findings.

Petitioner first objects to the Reports as they apply to his ineffective assistance of

appellate counsel claim. (*See* Objections, Doc. 25, Pg. ID 1881-93.) Petitioner maintains that the claim is not defaulted because he has shown good cause for filing this claim out of time in state court. (*Id.* at Pg. ID 1881-86.) Petitioner appears to argue that the fact that he provided some reason for his delay—no matter what the reason—is enough to show good cause. (*See id.*) But, Petitioner is incorrect. To show good cause, a Plaintiff "must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party [would] not suffer prejudice" by the delay. *Ross v. Am. Red. Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). And, as the Twelfth District noted, Ohio courts have routinely found that Petitioner's justification for his delay—limited access to legal materials and other types of prison limitations caused by COVID-19—does not amount to good cause. (State Court Record, Doc. 9, Pg. ID 1076.) Petitioner's ineffective assistance claim is therefore procedurally defaulted because he did not timely file the claim or provide good cause for why he failed to do so.

But, even if Petitioner's ineffective assistance claim was not defaulted, the claim still fails on the merits. (*See* Supplemental Report, Doc. 20, Pg. ID 1870-71.) Petitioner objects to this finding, arguing that his appellate counsel "omitted and ignored" evidence presented at trial that showed a lack of force. (Objections, Doc. 25, Pg. ID 1889.) But this argument was addressed and resolved by the Twelfth District, which found that it was "clear from the record that there was sufficient evidence of force presented at trial." (State Court Records, Doc. 9, Pg. ID 1078.) Petitioner has not provided "clear and convincing evidence" to overcome the Twelfth District's findings. 28 U.S.C. § 2254(e); *Cullen v. Pinholster*, 563 U.S. 170, 204 (2011) (Alito, J., concurring). Thus, Petitioner's ineffective

2

assistance claim lacks merit and Petitioner's objections are not well taken.

Next, Petitioner objects to the Magistrate Judge's findings that his Second and Third Grounds for Relief are procedurally defaulted. (Objections, Doc. 25, Pg. ID 1892-93; Report, Doc. 17, Pg. ID 1845.) Petitioner presents no argument in opposition to the Magistrate Judge's findings, instead noting that he is uncertain how the Magistrate Judge reached his conclusion. (*See id.*) The Magistrate Judge found that these grounds were procedurally defaulted because Petitioner failed to present them to the Ohio courts in his petition for post-conviction relief. (Report, Doc. 17, Pg. ID 1845.) In a federal habeas petition, a petitioner cannot raise a claim involving federal constitutional rights that he could not raise in state court because of a procedural default. (*Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982)). As Petitioner's objection to this finding is a general disagreement, he has waived further review of the Magistrate Judge's findings on these grounds. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Petitioner next objects to the Magistrate Judge's findings as they relate to his Third Ground for Relief — a claim for Conviction Against the Manifest Weight of the Evidence. (Objections, Doc. 25, Pg. ID 1893-94.) As the Magistrate Judge found, a weight of the evidence claim is not a federal constitutional claim and thus cannot be considered under federal habeas review. (Report, Doc. 17, Pg. ID 1853.) Petitioner objects to this finding by attempting to present his claim as one for sufficiency of evidence. (Objections, Doc. 25,

3

Pg. ID 1893-94.) But, as discussed in detail by the Magistrate Judge, there is a clear distinction between appellate review for insufficiency of evidence and review on a claim that the conviction is against the manifest weight of the evidence. (Report, Doc. 17, Pg. ID 1853.) Petitioner's Third Ground for Relief is a claim for Conviction Against the Manifest Weight of the Evidence. (*See* Petition, Doc. 1, Pg. ID 9.) Thus, the Court cannot consider this ground and Petitioner's objection is not well taken.

Finally, Petitioner generally objects to the Magistrate Judge's recommendation that his Fourth Ground for Relief be dismissed. (Objections, Doc. 25, Pg. ID 1894.) But, as noted above, a general objection to the Magistrate Judge's findings cannot by itself preserve the issue for review. *Gilmore v. Russian*, No. 2:16-cv-1133, 2017 WL 2633524, at *1 (S.D. Ohio June 19, 2017) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to objection.")). This objection is therefore not well taken.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections (Docs. 18, 25) are not well-taken and accordingly **OVERRULED**. The Court **ADOPTS** the Report and Recommendations (Doc. 17) and Supplemental Report and Recommendations (Doc. 20) in their entirety. The Court **ORDERS** the following:

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**;

(2) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal

of this Order would not be taken in good faith, and therefore, denies Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

(3) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND